UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| THOMAS M. MCHUGH, | |
| | Civil No. 21-2174 (JRT/JFD) |
| Plaintiff, | |
| v. | |
| BANK OF NEW YORK MELLON, *as Trustee for the Certificate Holders of CWABS, Inc. Asset-Backed Certificates, Series 2007-8*; BANK OF AMERICA, N.A.; and JOHN DOE MARY ROE 1-5, | **MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS** |
| Defendants. | |

---

Thomas M. McHugh, 3350 Riley Street, Eau Claire, WI 54701, *pro se* plaintiff.

Lisa B. Ellingson and Quin C. Seiler, **WINTHROP & WEINSTINE, PA**, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402, for defendants.

In April 2007, Robert Korf took out a mortgage on real property that was serviced by Defendant Bank of America, N.A. and assigned to Defendant Bank of New York Mellon. In August 2007, Korf took out another mortgage on the same property from Plaintiff Thomas McHugh. Bank of America foreclosed on the mortgage it serviced and sold the property in 2019. McHugh brought this action in Minnesota state court in 2021 after Korf died, alleging that the foreclosure and sale of Korf's property were illegal because Bank of America violated Regulation X, promulgated under the Real Estate Settlement Procedures Act of 1974 ("RESPA"). McHugh seeks a declaratory judgment and equitable

relief, declaring that the foreclosure is void and extinguishing Defendants' mortgage. Defendants removed the case to federal court and filed a Motion to Dismiss. The Court will grant Defendants' Motion to Dismiss because McHugh, as a lender, does not have a cause of action under RESPA.

## BACKGROUND

This dispute arises out of real property located in Forest Lake, Minnesota. (Notice of Removal, Ex. A ("Compl.") ¶ 1, Oct. 4, 2021, Docket No. 1.) The property was owned by Korf, who, in April 2007, obtained a mortgage for the property serviced by Bank of America and assigned to Bank of New York Mellon. (*Id.* ¶ 2; Compl. Exs. C, E.)[1] In August 2007, McHugh also gave Korf a loan for $150,000, secured by a mortgage on the same property. (Compl. ¶ 3; Compl. Exs. A–B.) The public record of this loan lists Korf as the borrower and McHugh as the lender. (Compl. Ex. B.)

McHugh alleges that Korf began the process of applying to modify his Bank of America loan. (Compl. ¶¶ 4, 7; *see also* Compl. Ex. C.) On November 20, 2019, Bank of America denied Korf's loan modification application because, according to Bank of America, two previous modifications dating from 2015 and 2017 had already taken effect

---

[1] The Notice of Removal includes McHugh's state court Complaint as Exhibit A and former Defendant Auction.com's consent to removal as Exhibit B, but the Complaint also contained exhibits including Exhibits A and B. For clarity, the Court will refer to exhibits attached to the Complaint as "Compl. Ex." The Court will also use CM/ECF pagination for these exhibits, not any pagination already on the documents.
McHugh voluntarily dismissed Auction.com as a party before the remaining Defendants filed this Motion to Dismiss. (Notice of Voluntary Dismissal, Nov. 8, 2021, Docket No. 13.)

and so Korf was ineligible. (Compl. Ex. C at 15.)  McHugh asserts that Defendants published notices of a foreclosure sale on November 7 and 14, 2019, before the loan modification application was denied.  (Compl. ¶ 10; Compl. Ex. E.)  He also claims that Defendants provided notice of the foreclosure sale to a lien holder on October 25, 2019 and to Korf on November 10, 2019.  (Compl. ¶¶ 9, 11.)  On December 19, 2019, Bank of America foreclosed on and sold the property.[2]  (*See id.* ¶¶ 15, 22; Compl. Ex. C at 20.)  Korf subsequently died on April 9, 2021.  (Compl. ¶ 2; Defs.' Mem. Supp. Mot. Dismiss at 2, Nov. 10, 2021, Docket No. 16.)

On September 12, 2021, McHugh filed a Complaint in Minnesota state court. (Compl.)  McHugh alleges that by publishing and providing notice of the foreclosure sale before the loan modification application was finalized on November 20, 2019, Defendants violated Regulation X promulgated under RESPA.  (Compl. ¶¶ 9–11.)  He seeks a declaratory judgment stating that Defendants committed a criminal act by illegally foreclosing upon the property and that either the Defendants' mortgage will not be reinstated or that it will be placed behind McHugh's mortgage in order of priority. (*Id.* ¶¶ 14–20.)  Alternatively, he seeks equitable relief in the sum of $147,237. (*Id.* ¶¶ 21–27;

---

[2] Nothing in the Complaint or the attached exhibits makes clear who purchased the property at the foreclosure sale.  According to Defendants, Bank of New York Mellon purchased it.  (Defs.' Mem. Supp. Mot. Dismiss at 2, Nov. 10, 2021, Docket No. 16.)  Washington County, Minnesota property tax records confirm that Bank of New York Mellon owed the property taxes for the property in 2020.  *2020 Tax Statement*, Wash. Cnty. Dep't of Prop. Records & Taxpayer Servs., https://web1.co.washington.mn.us/taxdocuments/TaxFiles/STMT/2020/TS20-31.032.21.44.0007.pdf.

Pl.'s Mem. Opp. Mot. Dismiss at 1, Dec. 1, 2021, Docket No. 22.)[3] On November 10, 2021, Defendants filed a Motion to Dismiss. (Mot. Dismiss, Nov. 10, 2021, Docket No. 14.)

## DISCUSSION

### I. STANDARD OF REVIEW

In reviewing a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *See Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)). To survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In reviewing a motion to dismiss, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v.*

---

[3] The Court notes that, in addition to asking for declaratory judgment and equitable relief, McHugh's Memorandum Opposing the Motion to Dismiss asks the Court to stay the proceedings until he can be appointed administrator of Korf's estate. (Pl.'s Mem. Opp. Mot. Dismiss at 7–8; *see also* Compl. ¶ 5.) The Court will not stay the proceedings because, even if he is appointed administrator, McHugh brought this claim in his personal capacity—not as a representative of the estate. Therefore, this case would still have to be dismissed for the reasons explained in this Order. If he is appointed, McHugh may be able to file a new action on behalf of the estate at that time.

*Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).  The Court may also consider matters of public record and exhibits attached to the pleadings, as long as those documents do not conflict with the complaint.  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

When considering a motion to dismiss, pleadings submitted by pro se litigants are to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, "pro se litigants are not excused from failing to comply with substantive and procedural law."  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

**II.    ANALYSIS**

McHugh asserts that Defendants violated RESPA and therefore the foreclosure is void.  RESPA is the only basis upon which McHugh rests on in his Complaint to claim that the foreclosure is void.  Therefore, McHugh's claim is a RESPA claim.  McHugh, however, does not have a cause of action under RESPA, so the Court will grant Defendants' Motion to Dismiss.

RESPA provides that loan servicers owe certain duties to borrowers.  *See* 12 U.S.C. § 2605.  It also empowers the Consumer Financial Protection Bureau ("CFPB") to promulgate regulations to carry out the consumer protection purposes of RESPA and holds servicers to those regulations.  *Id.* § 2605(k)(1)(E). The CFPB issued Regulation X, as codified at 12 C.F.R. § 1024.1 *et seq.*, to implement this Congressional mandate.  This

regulation includes provisions that limit the circumstances in which servicers can first notice or file foreclosures. 12 C.F.R. § 1024.41(f).

Enforcement of these RESPA duties, however, is limited to borrowers: "[w]hoever fails to comply with any provision of this section shall be liable to the **borrower**." 12 U.S.C. § 2605(f) (emphasis added). 12 C.F.R. § 1024.41(a) also only provides that a "borrower may enforce the provisions . . . pursuant to . . . 12 U.S.C. § 2605(f)." RESPA's plain language confers a cause of action on borrowers to protect against RESPA loss mitigation violations. Nowhere does RESPA or Regulation X give anyone other than a borrower a private cause of action to enforce the limits on when servicers can first notice or file foreclosures. *See Keen v. Helson*, 930 F.3d 799, 806 (6th Cir. 2019) ("[Plaintiff] does not have a cause of action under RESPA because she is not a 'borrower.'").

McHugh, based upon the face of his Complaint and as evidenced in the attached exhibits, served as a **lender** to Korf. The public record of the loan McHugh provided to Korf lists McHugh as the lender and Korf as the borrower. Further, McHugh has not alleged any facts to suggest that he is obligated on the loan or mortgage. Indeed, the remedy he seeks is simply to move up in the order of priority as a lender which would allow him to exercise his rights as a lender. As a lender, McHugh cannot enforce RESPA against the Defendants.

A failure to meet the minimum statutory requirements warrants dismissal under Rule 12(b)(6).[4] "[A] plaintiff who seeks relief for violation of a statute must 'fall within the class of plaintiffs whom Congress has authorized to sue' under that statute. . . . If a court determines that Congress has not provided a statutory cause of action in a particular case, it may be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim." *Tovar v. Essentia Health*, 857 F.3d 771, 774 (8th Cir. 2017) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387 (2014)).  RESPA limits those with causes of action to a certain class of plaintiffs—consumers, not competitors. *See Nw. Title & Escrow Corp. v. Edina Realty, Inc.*, 1995 WL 38962, at *2 (8th Cir. 1995). McHugh, as a lender to Korf, does not fall within the class of plaintiffs authorized by Congress to sue under RESPA. Therefore, he lacks statutory standing to bring these claims, and the Court will grant Defendants' Motion to Dismiss.[5]

---

[4] Both McHugh and Defendants at times conflate the issue of Article III and statutory standing in their briefs, and Defendants' motion papers move to dismiss partially under Rule 12(b)(1). The Court notes that Article III's constitutional standing requirements are separate and distinct from statutory standing considerations. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014) ("[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the court's statutory or constitutional *power* to adjudicate the case." (quotation omitted)). The question of whether plaintiffs have a cause of action is a merits issue, rather than a jurisdictional one. *See Tovar v. Essentia Health*, 857 F.3d 771, 774 (8th Cir. 2017). Accordingly, the Court construes Defendants' argument relating to Plaintiff's statutory standing under RESPA as falling under Rule 12(b)(6), rather than 12(b)(1).

[5] McHugh does not ask for standard RESPA remedies, instead asking the Court to enter declaratory judgment or grant equitable relief. He does not assert any other independent cause of action supporting a declaratory judgment or equitable relief. Because he is not a proper plaintiff under RESPA, he has not alleged an actual case or controversy in this instance, and these arguments cannot be considered. *Hickman v. Missouri*, 144 F.3d 1141, 1142 (8th Cir. 1998)

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Docket No. 14] is **GRANTED**, and

2. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 13, 2022
at Minneapolis, Minnesota.

                                                JOHN R. TUNHEIM
                                                Chief Judge
                                                United States District Court

---

("When a case . . . no longer presents an actual, ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it." (quotation omitted)).

    Because McHugh's Complaint tries to assert a RESPA claim and as he is not a borrower, the Court will dismiss this action with prejudice. Accordingly, the Court expresses no view on whether the foreclosure or the sale is void. If McHugh has non-RESPA claims against Defendants or if he is appointed administrator of Korf's estate, he may have viable claims that he could bring on behalf of himself or the estate—including a RESPA claim on behalf of the estate—whether in state or federal court. This Order does not affect those claims.